## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

---

**Michael McSharry individually and on behalf of all others similarly situated,**

                             **Plaintiff,**

    v.

**Radius Global Solutions, LLC, formally known as Northland Group**

                **Jury Demanded**

                      **Defendants.**

No.  18 cv 2643

**CLASS ACTION**

---

## Class Action Complaint for
## <u>Violations of the Fair Debt Collection Practices Act</u>

1.  Plaintiff Michael McSharry ("Plaintiff" or "McSharry") files this Complaint seeking redress for the illegal practices of Defendant Radius Global Solutions, LLC, formally known as Northland Group (hereinafter, Radius), in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

2.  Among other violations, Defendant has violated the Plaintiff and the putative class members' rights under the FDCPA by failing to provide them with the notices to which they are entitled by statute thereby depriving Plaintiff of his full ability to resolve the alleged debts.

### Parties

3.  Plaintiff Michael McSharry is a citizen of New York State who resides within this District.

1

4.   Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

5.   The alleged debt of Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was incurred for a consumer credit card.

6.   Defendant is regularly engaged in the collection of debts allegedly due to others.

7.   The principal purpose of the Defendant is the collection of debts.

8.   Defendant is a "debt collector," as defined by FDCPA § 1692a(6).

## Jurisdiction and Venue

9.   This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

11. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

12. Venue is also proper in this district since Defendant transacts business in this district.

## Factual Allegations

13.  Defendant alleges that Plaintiff owes a debt originally owed to Capital One for a Kohl's consumer credit card.

14.  In an attempt to collect the alleged debt, on or about May 5, 2017, Defendant sent Plaintiff the debt collection letter. **(Exhibit A)**

15. Exhibit A seeks to collect the debt.

16. Exhibit A lists the "Account Balance" as $1,393.98.

17. Exhibit A states the following:

**Total Amount Due as of Charge-Off: $977.28**
**Total Amount of Interest Accrued Since Charge-Off: $416.70**

18. Exhibit A makes it impossible to determine the amount of the debt in that Exhibit A can be read in two different ways, one of which is false. Exhibit A can be read to mean that interest is accruing. Exhibit A can also be read to mean that interest is not accruing.

19. In the event that interest was accruing on the debt, Exhibit A fails to include the safe harbor language as required by *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. N.Y. 2016). This violates 15 USC 1692e, 1692e(2), 1692e(5), and 1692e(10). This also violates 15 USC 1692g(a).

20. Exhibit A does not include any indication how the Plaintiff is suppose to determine the amount of the interest in violation of 15 USC 1692e, 1692e(2), 1692e(5), and 1692e(10). This also violates 15 USC 1692g(a). *Carlin v. Davidson Fink LLP*, 8523.

21. Exhibit A violates the FDCPA, *Avila*, and *Carlin* in that the Plaintiff is misled as to the proper amount, character, and status of the debt.

22. Exhibit A does not disclose that if the Plaintiff did not pay the alleged debt, the Plaintiff would be liable for accruing interest.

23.  Neither the creditor, nor the Defendant, nor anyone on their behalf, has informed the Plaintiff that interest or costs on the debt has been permanently waived.

24. In the event that interest was not accruing, Exhibit A is false and, deceptive in that it indicates that interest is accruing. This violates 15 USC 1692e, 1692e(2), 1692e(5), and 1692e(10). This is also unfair and unconscionable in violation of 15 USC 1692f and 1692f(1).

25. Exhibit A was the initial letter sent by Defendant to Plaintiff and is hence subject to 15 USC 1692g.

### Class Action Allegations

26.  Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

a.  Based on the fact that the collection letter at the heart of this litigation is a mass-mailed form letters, the class is so numerous that joinder of all members is impractical.

b.  There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  These common questions include whether Exhibit A violates the FDCPA.

c.  The claims of Plaintiff are typical of the class members' claims.  All are based on the same facts and legal theories.  The only individual issue is the identification of the consumers who received the letter, (*i.e.*, the class members), which is a matter capable of ministerial determination from the Defendants' records.

d.  Plaintiff will fairly and adequately represent the class members' interests.  All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

4

e.  Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

27. A class action is superior for the fair and efficient adjudication of the class members' claims.

28. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

29. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

30. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

31. If the facts are discovered to be appropriate, Plaintiff will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

32. This Count is brought by Plaintiff, individually, and on behalf of a class that, according to Defendant's records, consists of: (a) all individuals who have mailing addresses within New York; and (b) within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to Exhibit A attached to Plaintiff's Complaint (d) which was not returned by the postal service as undeliverable.

33. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## Violations of the Fair Debt Collection Practices Act

34.  Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

## Class Allegations Related to Exhibit A

35. By sending Exhibit A to Plaintiff, the Defendant violated 15 USC 1692g(a), 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(5), 15 USC 1692e(10), 15 USC 1692f and 15 USC 1692f(1), in that the Defendant did not properly and effectively convey the amount of the debt, was false and deceptive, and/or did not properly convey the language required by 15 USC 1692g.

36. By sending Exhibit A, the Defendants violated 15 USC 1692g(a), 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(10) and 15 USC 1692f, in that the Defendant did not properly indicate to the Plaintiff that the alleged debt may continuing to accrue interest.

37. By sending Exhibit A, the Defendants also violated 15 U.S.C. §§ 1692 e, e(2), e(5), e(10), and f by falsely indicating that the Plaintiff owed a static amount not subject to interest. As the Plaintiff was never informed that the interest called for under the original contract had been permanently waived, the debt may be increased by interests or costs at some point in the future. Exhibit A does not convey this to the consumer, making Exhibit A misleading.

38. By sending Exhibit A to Plaintiff, the Defendants violated 15 USC

6

1692g(a), 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(5), 15 USC 1692e(10), 15 USC 1692f and 15 USC 1692f(1), in that Exhibit A can be read one of two ways, one of which is false. Exhibit A can be read to mean that interest is accruing. Alternatively, Exhibit A can be read to mean that interest is not accruing.

39. Defendants' violations of 15 U.S.C. §1692, *et seq.*, render Defendant liable to Plaintiff and the Class.

40. As a result of Defendant's deceptive, insidious, and unfair debt collection practices, Defendants are liable to Plaintiff and the Class.

**WHEREFORE**, Plaintiff asks that this Court enter judgment in her favor and in favor of the members of the Class, against Defendant, awarding damages as follows:

(A) Statutory and actual damages as provided by § 1692k of the FDCPA;

(B) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(C) Declaratory relief declaring that Exhibit A and/or the initial letter Defendant sent Plaintiff violates the FDCPA; and

(D) Any other relief this Court deems appropriate and just.

### Jury Demand

Plaintiff demands trial by jury.

Dated: West Islip , New York
April 30, 2018

RESPECTFULLY SUBMITTED,

S/ JOSEPH MAURO
Joseph Mauro
The Law Offices of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795
Tel: (631) 669-0921

8

# EXHIBIT A



*Northland Group*

866-204-9453
For General Business Hours, please visit us at:
www.payments2northland.com
May 5, 2017



PAYMENT ADDRESS: P.O. Box 390846
Minneapolis, MN 55439
Mail Code KHL2

Northland Reference #: F87214297
Account Balance: $1,393.98
Creditor: Capital One, N.A.
Original Creditor: CitiCorp
Re: Kohl's Credit Card Account ******2650



Michael Mcsharry
48 Cozine Rd
Center Moriches, NY 11934

We Would Like to Help You Resolve Your Account
Your account balance: $1,393.98

Dear Michael Mcsharry,

On 05/01/17 Capital One, N.A. authorized Northland Group to collect this debt on their behalf.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Should you have any questions regarding this account, please feel free to call me at 866-204-9453. I look forward to hearing from you.

**Itemization of Debt:**
Charge-Off Date: 10/31/15
Total Amount Due as of Charge-Off:  $977.28
Total Amount of Interest Accrued Since Charge-Off: $416.70
Total Amount of Non-Interest Fees Since Charge-Off:  $0.00
Total Amount of Payments Made Since Charge-Off:  $0.00

Thank you,

Robert Nigh

If you want to pay your bill online, please go to **www.payments2northland.com**

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.

Payment Methods
Online: www.payments2northland.com  -  Phone: 888-287-5711  -  Mail: PO Box 390846, Minneapolis, MN 55439

This communication is sent to you by Northland Group, a debt collector and a member of ACA International.
Northland Group is a collection agency. We do not sue people and will not sue you on this account.
**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

1NY-0505 4 1NY 3